IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN ARROYO, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-CV-05185 |
| ) | |
| v. ) | Hon. Judge Edmond E. Chang |
| ) | |
| OFFICER RICHARD, YI, et. al. ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

NOW COMES Plaintiff, JUSTIN ARROYO, by and through his attorney, Tia L Haywood with Haywood Monte Law Offices, and complaining against Defendants Officers Yi, Katsantones and the City of Chicago, and in support states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION AND VENUE

2. This action is brought pursuant 42 U.S.C. § 1983 and 1985 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendant jurisdiction as provided under U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. §1391(b). Plaintiff resides in this judicial district and all the events or omissions described herein giving rise to Plaintif's' claims occurred within this district.

1

## THE PARTIES

4. Plaintiff Mr. Justin Arroyo ("Arroyo"), at all times relevant to this action, resided in the City of Chicago, County of Cook County, state of Illinois.

5. Defendant Police Officers YI (Star No. 18009), KATSANTONES (Star No. 7698) are present or former employees of the City of Chicago Police Department (referred to herein as "Defendant Officers"). They engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## BACKGROUND

7. On August 1, 2017, Plaintiff Arroyo was walking North on Harding Avenue approaching the intersection of North Harding Avenue and West Altgeld Street in Chicago, Illinois, County of Cook when he saw six or seven members of his community being detained by Defendant Officers.

8. Defendant Officers were dispatched to the intersection of North Harding Avenue and West Altgeld Street in Chicago, Illinois, County of Cook in response to calls of a "gang disturbance."

9. Upon arrival, Defendant Officers noticed a silver Chevy Malibu sedan leave its parking spot and speed away heading North on Harding Avenue. Defendant Officers were not able to identify the driver or license plate of this vehicle.

10. Plaintiff Arroyo was not committing and had not committed any crimes.

11. Defendant Officer Yi recognized Arroyo at that location as they have had at least five previous encounters one of which Arroyo was arrested for trespassing in the Chicago Police Department's 25th District Police Station and others where Arroyo has been searched and/or detained without his consent. During these encounters, Arroyo always follows Officer Yi's commands.

12. Defendant Officers issued commands to Arroyo to join the group and he was subsequently detained by handcuffs, his name was checked for open warrants and he was unlawfully searched.

13. Defendant Officers failed to write up any investigatory stop reports for the community members that they detained and searched.

14. Defendant Officer Yi's policy is that he can approach, detain and request identification from anyone that is identified as belonging to a gang.

15. At that point, no contraband, open warrants or illegal activity was discovered among the group and they were released.

16. Subsequently, that same day, at or around 8:00pm, Arroyo entered the passenger seat of a silver Chevy Malibu parked at 3945 West Altgeld Avenue in Chicago, Illinois, County of Cook.

17. Plaintiff Arroyo was not violating and had not violated any local, state, or federal crimes.

18. Defendant Officers approached Arroyo and the driver of the parked silver Chevy Malibu heading westbound on West Altgeld Street, a one way street, in the eastbound direction.

19. Defendant Officers approached the parked silver Chevy Malibu, opened the door without consent, and immediately handcuffed Arroyo and the driver.

20. At the time Arroyo and the driver were detained, Defendant Officers did not have an arrest warrant or search warrant.

21. No contraband or nothing illegal was discovered on Arroyo or the driver's person when Arroyo was unlawfully searched at some point during this encounter.

22. Defendant Officers searched the parked silver Chevy Malibu and discovered a loaded .22 caliber stainless steel semi-automatic handgun purportedly recovered on the rear passenger seat floor of the vehicle by Officer Yi.

23. Defendant Officer Yi told Arroyo that he just "made him a good vacation."

24. Officers subsequently transported Arroyo and the driver to the 25th District Chicago Police Department Station.

25. Defendant Officers falsely charged Arroyo with Aggravated Unlawful Use of a weapon.

26. There was no probable cause for the search and arrest of Arroyo.

27. Defendant Officer Katsantones made false statements at Arroyo's August 17, 2019 Grand Jury proceedings that he saw the recovered handgun in Arroyo's possession.

28. Officer Yi made false statements that he saw the recovered handgun in Arroyo's possession and saw him toss to the rear passenger seat.

29. The charged against Arroyo are were dismissed on or around November 8, 2019. Those charges were dismissed in a manner indicative of Arroyo's innocence due to Defendant Officers' credibility issues.

## COUNT I
**(42 U.S.C. §1983 -Unreasonable search, seizure, false arrest and failure to intervene)**

30. Plaintiff incorporates and re-alleges all the allegations in the preceding paragraphs.

31. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

32. The actions of the Defendant Officers described above, whereby they knowingly seized Plaintiff without probable cause or any other justification constituted deliberate indifference to his rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendant Officers without just cause illegally arrested Plaintiff and assisted in the arrest of Plaintiff.

34. Defendant Officers made false statements during Arroyo's criminal proceedings with the knowledge that the statements were false and perjured and in so doing, Defendant Officers fabricated evidence.

35. Defendants Officers were present, observed their co-Defendants unlawful actions and failed to take any action to intervene.

36. The conduct of Defendant Officers, as previously alleged, subjected Plaintiff to unreasonable search and seizure in violation of the Fourth Amendment. This conduct was undertaken with malice, willfulness and reckless indifference to Plaintiff's constitutionally protected rights. As a result of this misconduct, Plaintiff has suffered and continue to suffer emotional distress and expenses. Therefore, Defendants Officers charged in this count are liable to Plaintiff under 42 U.S.C.A. § 1983 for unreasonable search and seizure.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in their favor against Defendant Officers including, but not limited to, reasonable compensatory damages, attorney's fees and costs, punitive damages and all other appropriate relief to which they are entitled under the law.

## COUNT II
**(42 U.S.C. §1983 -Due Process, Fabricated Evidence by Abuse of Process and Unlawful detention)**

37.  Plaintiff incorporates and re-alleges all the allegations in the preceding paragraphs.

38. Statements made by Defendant Officers in his criminal proceedings were false and made willfully, wantonly and with reckless disregard to Arroyo's rights.

39. Said fabricated evidence was used, which resulted in Arroyo being unlawfully arrested and detained being deprived of his liberty.

40. As a direct and proximate result of said acts, Arroyo's rights have been offended and he suffered the deprivation of liberty, emotional distress and financial damages. WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in his favor against Defendant Officers including, but not limited to, reasonable compensatory damages, attorney's fees and costs, punitive damages and all other appropriate relief to which he is entitled under the law.

## COUNT III
**(42 U.S.C. §1983 - Conspiracy to Deprive Constitutional Rights)**

41. Plaintiff re-alleges and reincorporates all previous paragraphs.

42. The Defendant Officers reached an agreement amongst themselves to unlawfully seize Plaintiff, and to continue the unlawful seizure of Plaintiff, and to thereby deprive Plaintiff of his rights under the Fourth Amendment and 42 U.S.C. § 1983.

43. The Defendant Officers, acting in concert, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

44. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

    WHEREFORE, Plaintiff demands judgment against Defendant Officers and for actual and compensatory damages in an amount deemed at time of trial to be just fair, and appropriate.

## COUNT IV
### State Claim – Malicious Prosecution

46. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

47. Defendant Officers maliciously caused criminal charges to be commenced and continued against Arroyo by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against him.

48. There was no probable cause for the institution of criminal charges against Arroyo.

49. In the case of Arroyo, the charges were dismissed in a manner indicative of his innocence.

50. Plaintiff was injured, including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

51. Defendant Officers conduct was willful and wanton.

    WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT V
### Conspiracy to Commit State Tort

52. Plaintiff re-alleges and reincorporates all previous paragraphs.

53. The Defendant Officers reached an agreement amongst themselves to maliciously prosecute Plaintiff.

54. The Defendant Officers, acting in concert, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

55. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

56. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

WHEREFORE, Plaintiff demands judgment against Defendant Officers and for actual and compensatory damages in an amount deemed at time of trial to be just fair, and appropriate.

## COUNT VI
### INDEMNIFICATION- 745 ILCS 10/9-102 AGAINST DEFENDANT CITY OF CHICAGO

57. Plaintiff incorporates and re-alleges all the allegations in the preceding paragraphs.

58. Defendant City of Chicago was, at all times material to this Complaint, the employer of Defendant Officers.

59. Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of Defendant City of Chicago.

60. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities 745 ILCS 10/9-102.

61. As a proximate cause of Defendant Officers' unlawful acts, committed under the color of law and within the scope of their employment as a Chicago Police Officers, Plaintiff was injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiffs demand, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VII
### *Respondeat Superior* Liability for State Law Claims Against Individual Officers

62. Plaintiff re-alleges and incorporates all previous paragraphs.

63. Defendant City of Chicago is the employer of Defendant Officers.

64. Defendant City of Chicago is liable for its employees' actions under the doctrine of *respondeat superior*.

65. The acts of Defendant Officers described in the state law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

66. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the state law claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded,

medical expenses, and such other and additional relief that this Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorney, Tia L. Haywood, respectfully request judgment as follows against the Defendants on each and every claim, and:

A. Award compensatory damages;

B. Award punitive damages against the individual defendants;

C. Award Plaintiff his attorney's fees and costs; and

D. Grant Plaintiff such further relief as this Court deems equitable and just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Dated: January 23, 2020

/s/ Tia L. Haywood
Attorney for Plaintiff

Haywood Monte Law Offices
Haywood Monte Law Offices
@ The West Side Justice Center
601 S. California Ave.
Chicago, IL 60612
(312) 488-1632

## CERTIFICATE OF SERVICE

Tia L. Haywood hereby certifies that a copy of the foregoing was served upon all opposing counsel via the CM/ECF email system.

<u>s/Tia L. Haywood</u>
Tia L. Haywood
Haywood Monte Law Offices
@ The West Side Justice Center
601 S. California Ave.
Chicago, IL 60612
(312) 488-1632